UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00206-JAW |
| | ) | |
| ELIZABETH COLEMAN and | ) | |
| KENNETH MCKENNEY, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTIONS TO SUPPRESS**

Defendants Elizabeth Coleman, Kenneth McKenney, and others are charged in a Superseding Indictment (ECF No. 109) with, among other things, conspiracy to distribute and possess with intent to distribute Oxycodone. According to the motion papers, on July 20, 2011, Coleman and McKenney were travelling together in a vehicle and were stopped by a Maine State Trooper for reasons unrelated to the investigation of the alleged drug distribution conspiracy. During the stop, McKenney stated to the trooper that she had Oxycodone pills in her possession. Coleman and McKenney have each filed a motion to suppress the evidence seized during this stop based on what they contend was a fourth amendment violation related to the traffic stop and resulting seizure and questioning. (ECF Nos. 179, 196.) The Court referred the motions for report and recommendation.

In response to the motions, the Government has offered notice that it will not use any evidence seized during the traffic stop in its case in chief against either Coleman or McKenney. (ECF Nos. 194, 205.) Because the Government will not use the evidence in question, there is no cause for a hearing into the issue of whether the trooper violated Coleman or McKenney's fourth

amendment rights and their motions to suppress are effectively mooted. United States v. Tiem Trinh, 665 F.3d 1, 17 (1st Cir. 2011) (mooting suppression issue because evidence in question was not introduced at trial); United States v. Veillette, 778 F.2d 899, 904 n.4 (1st Cir. 1985) ("The district court correctly limited its consideration to items which the government intended to introduce at trial. The suppression issue was moot as to items in which the government had no interest as evidence."). Accordingly, I recommend that the Court deny the pending motions to suppress as moot.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 4, 2012